# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FAROULH DORLETTE | : | |
|    Plaintiff, | : | CASE NO. |
| | : | 3:16-cv-318 (VAB) |
| v. | : | |
| | : | |
| DR. JOHNNY WU et al., | : | OCTOBER 12, 2017 |
|    Defendants. | : | |
| | : | |

## RULING ON DEFENDANTS' MOTION TO DISMISS AND INITIAL REVIEW ORDER RE: PLAINTIFF'S AMENDED COMPLAINT

On February 25, 2016, Faroulh Dorlette ("Plaintiff"), an inmate currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed a Complaint *pro se* under 42 U.S.C. § 1983 against Dr. Johnny Wu, the Director of Medical Services for the Connecticut Department of Correction, and Dr. J. Smith, an optometrist at MacDougall-Walker Correctional Institution in Suffield, Connecticut (together "Defendants"), in their individual and official capacities for monetary, declaratory, and injunctive relief. Mr. Dorlette claimed that Defendants violated his Eighth Amendment protection against cruel and unusual punishment and his rights under the Fourteenth Amendment due process and equal protection clauses by denying him adequate eye care and corrective eyeglasses.

Defendants have moved to dismiss all of Mr. Dorlette's claims against them. Defs. Mot. to Dismiss, ECF No. 22. Mr. Dorlette subsequently filed an Amended Complaint addressing some of the concerns raised in Defendants' motion to dismiss. Am. Compl., ECF No. 26. For the reasons set forth below, the Court accepts Mr. Dorlette's Amended Complaint as the operative complaint in this matter, and Defendants' [22] Motion to Dismiss is **DENIED** without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Dorlette claims that Defendants refused to provide him with corrective eyeglasses that had been prescribed to him, violating his Fourteenth and Eighth Amendment rights. On October 19, 2016, this Court issued its Initial Review Order, ECF No. 9, dismissing Mr. Dorlette's Fourteenth Amendment claims and his claims for monetary damages against Defendants in their official capacities under 28 U.S.C. § 1915A(b)(1) and (2). The Court permitted his Eighth Amendment claim to proceed against Defendants after concluding that Mr. Dorlette had "stated a plausible claim of deliberate indifference to medical needs against [them]." Initial Review Order at 4, ECF No. 9.

On March 27, 2017, Defendants moved to dismiss Mr. Dorlette's remaining Eighth Amendment claim against them. Defs. Mot. to Dismiss, ECF No. 22. Defendants assert that (1) the Court lacks subject matter jurisdiction over this claim, (2) Mr. Dorlette failed to state a claim upon which relief could be granted; and (3) Defendants are entitled to qualified immunity. *Id.* At the time of Defendants' motion, Mr. Dorlette was confined at Northern State Correctional Facility in Newport, Vermont. On May 12, 2017, however, Mr. Dorlette filed a notice with the Court indicating that he had since been transferred to Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. *See* Not. of Change of Address, ECF No. 23. Accordingly, the Court mailed a copy of Defendants' motion to Mr. Dorlette at his new address and granted him until August 18, 2017 to file a response to the motion. *See* Order, ECF No. 25. To date, Mr. Dorlette has not responded to the motion.

On August 21, 2017, 144 days after Defendants filed their motion to dismiss and 37 days after a copy of the motion was mailed to Mr. Dorlette at his new address, Mr. Dorlette filed an

Amended Complaint. Am. Compl., ECF No. 26. His Amended Complaint only includes allegations supporting his Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Smith and Dr. Wu. *Id.* Mr. Dorlette did not seek leave of the Court before filing this Amended Complaint, and a review of his allegations suggests that Mr. Dorlette filed the Amended Complaint in order to address the claims raised in Defendants' motion to dismiss.

## II.   STANDARD OF REVIEW

Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff must seek leave of the court in order to amend a complaint more than 21 days after the filing of a motion to dismiss under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B), 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants. A *pro se* complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when such a reading gives *any* indication that a valid claim *might* be stated." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (emphasis in original; internal quotations omitted).

"The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of prejudice or bad faith." *Independence Ins. Serv. Corp. v. Hartford Fin. Services Grp, Inc.*, 04 Civ. 1512 (JCH), 2005 WL 1038991, *4 (D. Conn. May 3, 2005) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). In determining what

constitutes prejudice, the Court considers whether the amendment would (1) require the defendant to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Id.* at *5 (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)).

## III. DISCUSSION

Although Mr. Dorlette did not respond directly to the motion to dismiss as instructed or seek permission from the Court to file the Amended Complaint, the allegations set forth in the Amended Complaint seem to address the concerns raised by Defendants in their motion to dismiss. Therefore, the Court grants leave to amend, denies without prejudice Defendants' motion to dismiss, and reviews Mr. Dorlette's Amended Complaint as the operative complaint in this matter.

This Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v.*

4

*Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### A. Factual Allegations in Amended Complaint

In support of his Eighth Amendment claim for deliberate indifference to a serious medical need, Mr. Dorlette makes the following factual allegations in his Amended Complaint.

According to Mr. Dorlette, on August 11, 2015, Dr. Smith conducted an eye exam on him. Mr. Dorlette allegedly explained to Dr. Smith that correctional staff had lost his eyeglasses, which caused him extreme pain in his eyes, headaches, and difficulty reading and writing. Mr. Dorlette states that Dr. Smith, who had allegedly treated Mr. Dorlette's vision problems for years, concluded that Mr. Dorlette was near-sighted and had "20/800" vision, which is close to blindness. Am. Compl. ¶ 9. He claims that Dr. Smith "was responsible for ordering . . . corrective lenses for [Mr. Dorlette]," but he failed to do so, causing him "to suffer for several months." *Id.* at ¶ 15.

Mr. Dorlette allegedly sent Dr. Smith several requests explaining that, after several months, he still had not received his eyeglasses and, as a result, was experiencing constant pain and difficulty reading and writing. He claims that Dr. Smith "knowingly allowed [Mr. Dorlette] to suffer in violation of [his] [Eighth] Amendment . . . right." Am. Compl. ¶ 16.

With respect to Dr. Wu, Mr. Dorlette alleges that Dr. Wu "was placed on actual and constructive notice . . . through written requests [and] [a] formal grievance" stating that Mr. Dorlette had not received his eyeglasses for several months, which was causing him pain. Am. Compl. ¶ 18. Mr. Dorlette is suing Dr. Wu for his failures "to create a policy or train his medical

subordinates" and "to order the speedy provision of care" for Mr. Dorlette's vision problem. *Id.* at ¶¶ 20, 21. Mr. Dorlette claims that Dr. Smith's and Dr. Wu's actions constituted deliberate indifference to a serious medical need, in violation of his Eighth Amendment protection against cruel and unusual punishment.

B. Analysis

### 1. Claims for Monetary Damages Against Defendants in their Official Capacities

To the extent that Mr. Dorlette seeks damages against Defendants in their official capacities, his claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed under 28 U.S.C. § 1915A(b)(2).

### 2. Deliberate Indifference to a Serious Medical Need

Deliberate indifference to a serious medical need occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137-38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to prevail on his deliberate indifference claim, Mr. Dorlette must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)).

There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The

6

condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Moreover, negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not a cognizable claim under Section 1983. *See Salahuddin*, 467 F.3d at 280; *Harrison*, 219 F.3d at 139. "This principle may cover a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that treatment is unreliable, or that the cure is as risky or painful or bad as the malady." *Harrison*, 219 F.3d at 139.

In this case, Mr. Dorlette's allegations, construed liberally, plausibly state a claim for deliberate indifference to a serious medical need. He alleges that the deprivation of his eyeglasses has caused him headaches and has rendered him unable to read or write. The Second Circuit has held that visual deficiencies such as double vision and loss of depth perception are "sufficiently serious" to satisfy the objective component of the deliberate indifference standard. *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996). Moreover, Mr. Dorlette alleges that Dr. Smith was responsible for ordering his eyeglasses, but failed to order them or respond to Mr. Dorlette's

7

complaints that he did not receive them. He also alleges that he had informed Dr. Wu that Dr. Smith never ordered his eyeglasses and that he was experiencing pain without them.

Based on these allegations, the Court will permit Mr. Dorlette's Eighth Amendment claim to proceed against Dr. Smith and Dr. Wu at this time.

**IV.    CONCLUSION**

The Court grants leave to amend, and Mr. Dorlette's [26] Amended Complaint now serves as the operative complaint in this matter. Accordingly, Defendants' [22] Motion to Dismiss is **DENIED** without prejudice to filing a renewed motion to dismiss directed at the Amended Complaint.

**ORDERS**

**(1)**    The Court accepts Plaintiff's [26] Amended Complaint.

**(2)**    Defendants' [22] Motion to Dismiss is **DENIED** without prejudice, subject to refiling in response to the Amended Complaint.

**(3)**    Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2). The Eighth Amendment deliberate indifference to medical needs claim will proceed against Dr. Smith and Dr. Wu in their individual capacities for monetary damages and in their official capacities for declaratory and injunctive relief.

**(4)**    Defendants may re-file their motion to dismiss or file an Answer based on the Amended Complaint within **sixty (60) days** from the date of this Order.  If Defendants choose to file an Answer, they shall admit or deny the allegations and respond to the Eighth Amendment claim recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

**(5)**     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed within **six months (180 days)** from the date of this Order.  Discovery requests need not be filed with the Court.

**(6)**     All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

**SO ORDERED** this 12th day of October, 2017 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE